IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MARYLAND

| | | |
|---|---|---|
| WINFRED F. NICHOLSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. WMN-02-3214 |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant.[1] | ) | |

## UNITED STATES' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS

### INTRODUCTION

This is a civil action in which plaintiff seeks the release of a federal tax lien because

he claims the income tax laws of the United States are unlawful or otherwise not applicable

to him.[2]  He seeks an order directing the United States to release a federal tax lien filed in

_____

[1] The caption of the complaint names "United States et al." as the defendants.  But only one defendant is named in the body of the complaint.  Therefore, only the United States is responding to the complaint.

[2] This is not Plaintiff's first appearance before this court alleging substantially similar protest-like arguments against the United States, the IRS, or employees of the IRS.  The United States has been required to defend at least six complaints brought by Mr. Nicholson making frivolous allegations against the United States, the IRS, and employees of the IRS.  See Winfred F. Nicholson v. United States, et. al., Civ. No. WMN-99-2179, aff'd 230 F.3d 1353 (4th Cir. 2000); cert denied 523 U.S. 1022 (2001); Winfred F. Nicholson v. United States, et. al., Civ. No. WMN-99-3813, aff'd 230 F.3d 1353 (4th Cir. 2000), cert denied 523 U.S. 1022 (2001); Winfred Nicholson v. Johnson, et. al., Civil No. WMN-95-1044, aff'd 77 F.3d 470 (4th Cir. 1996);Winfred F. Nicholson v. United States and Jerry Crain, Civ. No. WMN-95-3758; Winfred F. Nicholson v. Grace Jaecksch, Civ. No. JHY-87-766, 679 F. Supp. 518 (D. Md. 1987).  In plaintiff's two most recent cases he contested the same years as he is contesting here.

November 2001, because he claims he is not subject to income taxes for 1991 through

1999. (Compl. p. 4.)  He also claims that the federal income tax laws are unlawful and do

not apply to him.  (Compl. pp. 2,7.)  Plaintiff also seeks one million dollars in damages and

legal fees and expenses in bringing this suit for failure to release the lien. (Compl. p. 8.)

ARGUMENT

I. <u>Plaintiff's Challenges to the Legality of the Income Tax Are Completely
   Without Merit</u>

Plaintiff's complaint is "nothing but contumacious foolishness which wastes the

time and energy" of this Court, the United States, and plaintiff.  <u>See</u> <u>McAfee v. United</u>

<u>States</u>, 87 A.F.T.R. 2d. 2001-2464 (N.D. Ga. 2001) (In response to allegations similar to

those in this complaint the court wrote "[p]laintiffs' conduct in bringing this ill-considered,

nonsensical litigation before this court for yet a second time is nothing but contumacious

foolishness which wastes the time and energy of the court system, the United States, and

the plaintiffs."); <u>See also</u>, <u>Hyslep v. United States</u>, 765 F.2d 1083, 1084-85 (11th

Cir.1985) ("The argument that individual wage earners are not subject to income tax is

completely frivolous and without merit....[T]hose who would litigate in this circuit are put

on notice that they may be expected to have sanctions imposed against them if they

continue to raise these sorts of frivolous contentions.")

The crux of plaintiff's complaint in this case seems to be that because the income

tax is unlawful for a variety of reasons and only applies to excise taxes, he is not required to

pay income taxes.   As a result, he claims the federal tax lien filed against him in November

2

2001, is invalid.[3]

Plaintiff's main argument appears to be that his income is not taxable because the 16th Amendment to the United States Constitution only allows an excise tax and that therefore his wages are not income.  This argument ignores the plain language of the Sixteenth Amendment which states:

> The Congress shall have power to lay and collect
> taxes on incomes, from whatever source derived,
> without apportionment among the several states,
> and without regard to any census or enumeration.

In United States v. Connor, 898 F.2d 942, 943-44 (3d Cir.), cert. denied, 497 U.S. 1029 (1990) the court stated that "[e]very court which has ever considered the issue has unequivocally rejected the argument that wages are not income."  The court went on to state "...[w]e will view arguments to the contrary as frivolous, which may subject the party asserting them to appropriate sanctions" Id. at 944.  See also Abrams v. Commissioner, 82 T.C. 403, 413 (1984) (rejecting the argument that wages are not income, and awarding damages of $5,000 for pursuing a position that was "frivolous and groundless . . . and maintained primarily for delay."); Ward v. Commissioner, T.C. Memo. 2002-147, 83 T.C.M. (CCH) 1820, 1824 (2002) (imposing sanctions in the amount of $25,000 stating

---

[3] The federal tax lien in question arose by operation of law upon assessment of the tax and plaintiff's failure to pay after notice and demand. See 26 U.S.C. § 6321; United States v. Bond, 279 F.2d 837, 840 (4th Cir. 1960); Brown v. Maryland, 699 F. Supp. 1149, 1152 (D. Md. 1987). What actually was "filed" against plaintiff was a *notice* of federal tax lien. The notice had the effect of recording, or perfecting, the tax lien as against third parties. 26 U.S.C. § 6323, United States v. Bond, supra.

that "[taxpayers'] insistence on making frivolous protester type arguments indicates an unwillingness to respect the tax laws of the United States."

Plaintiff's other arguments are incomprehensible and equally frivolous. [4]  For example, he alleges, without elaboration, that the federal tax lien should be released because the 5th and 9th Amendments to the United States Constitution bar imposition of an income tax. (Compl. p. 5.)  He claims that the income tax interferes with his right to contract. (Compl. p. 5.)  He also alleges that unless he is a federal employee or had foreign earned income, there is no requirement for him to file a tax return (and presumably is therefore not liable for income Taxes.) (Compl. p. 4.)  He further argues  that the United States attempted to put him under a system of involuntary servitude and did not have the

----

[4]  It appears that plaintiff has taken many tax protester arguments that have been debunked and reasserted them in the complaint.  A simple search on an internet search engine such as www.google.com for "tax protest" turns up numerous websites devoted to showing that many of the arguments raised in the complaint are doomed to failure: see, e.g., www.taxes.com ("Avoid these [then described] tax protest scams like you would the plague."); www.adl.org/learn/Ext_US/TPM.asp ("The focus of the movement's efforts became the development and propagation of pseudolegal and pseudohistorical theories intended to delegitimize the federal income tax (and, in many cases, state income taxes as well."); www.lectlaw.com/files/tax16.htm ("In case anyone wants a nice introduction to assorted tax protest arguments, and what happens when someone actually tries these in court, here are the cites from Westlaw for all cases in the ALLFEDS database (all reported Federal cases) that had Becraft as one of the attorneys."); www.unclefed.com/Audit-Proofing/step4-2.html ("Protesters make the ridiculous assertion that the bookkeeping, records maintenance, and employer  withholding requirements are in reality 'involuntary servitude' and, therefore, unconstitutional. This ludicrous argument was rejected in Porth v. Brodrick, 214 F. 2d 925 (10th Cir. 1954), and is completely without merit."); www.quatloos.com/taxscams/cm-taxpr.htm (citing cases with hypertext links to actual decisions lost by "tax protester idiots") ("These cases demonstrate conclusively that irrespective of what the scam artists who sell the tax protestor materials tell you, the only thing that will happen is that you will get creamed by the IRS in court.");  www.geocities.com/napavalley/3578/taxmyth.html ("short answers to many of the common tax myths floating around the Internet" with hypertext links to cases).

authority to file notices of federal tax liens. (Compl. 8.)

Because all of these arguments are clearly frivolous, they fail to state a claim upon which relief may be granted and should be dismissed.

II.  <u>The Complaint Fails to Allege a Cause of Action for the Wrongful Failure to Release a Lien</u>

Plaintiff alleges that the IRS failed to release federal tax liens filed in November, 2001.  He apparently relies on 26 U.S.C. § 7432 which authorizes a taxpayer to bring an action for damages against the United States where an employee of the IRS knowingly or negligently fails to release a lien against his property, but only where the lien would be required to be released under Section 6325.  <u>See</u> I.R.C. § 7432(a).  That section, in turn, requires that a lien be released only where the Secretary finds that the liability giving rise to the lien "has been fully satisfied or has become legally unenforceable," or where the taxpayer has furnished the IRS with a bond securing that liability.  <u>See</u> I. R.C. § 6325(a).  For the purposes of the statute, a liability is "legally unenforceable" only where it "has become unenforceable as a matter of law ( and not merely uncollectible or unenforceable as a matter of fact)."  Treas. Reg. § 301. 6325-1(a).  In other words, "the liability for the payment of the tax continues until satisfaction of the tax in full or until the expiration of the statutory period for collection . . . ."  <u>Id.</u>

Section 6325 thus requires the release of a lien only where the taxpayer no longer has any liability for the underlying tax, not where the lien is administratively unenforceable due to a procedural defect.  <u>See</u> <u>Crowd Mgt. Servs., Inc. v. United States</u>, 792 F. Supp. 87,

91 (D. Or. 1992 ), aff'd in relevant part, 36 F.3d 1102 (9th Cir. 1994). A taxpayer may not assert a claim for damages under Section 7432 by alleging that the tax giving rise to the lien was wrongly assessed against him. A taxpayer may challenge the merits of the underlying assessment in a refund action in federal court only after paying the requisite amount of his liability and after filing an administrative refund claim, and may not circumvent that restriction by litigating the merits of the assessment in a Section 7432 action. See PCCE, Inc. v. United States, 159 F.3d 425, 428-29 (9th Cir. 1998); McMillen v. United States Dep't of Treasury, 960 F.2d 187, 190 ( 1st Cir. 1991).

The complaint does not allege that plaintiff has satisfied the liabilities assessed against him, that the assessments had become legally unenforceable, or that a bond had been furnished to secure his liabilities. The only arguments made in the complaint are frivolous challenges to the legality of the federal tax laws. Therefore, because the complaint fails to allege facts that would require the release of a lien under Section 6325, it fails to state a cause of action under Section 7432 and should be dismissed.

   III. The United States Has Not Waived Sovereign Immunity for a Suit for
        Damages

Dismissal of plaintiff's complaint is proper because he has not demonstrated that sovereign immunity has been waived by the United States with respect to his claim for money damages.

It is well settled that the United States, as a sovereign, is immune from suit without its consent. United States v. Mitchell, 463 U.S. 206 (1983); United States v. Testan, 424

U.S. 392, 1976; United States v. Alabama, 313 U.S. 274, 282 (1971).  Any waiver of

immunity by the United States, or its branches and agencies, must be explicit and is strictly

construed.  E.g., Lehman v. Nakshian, 453 U.S. 156 (1981).  Furthermore, a plaintiff must

identify a statute by which the United States has expressly waived sovereign immunity for

the particular action commenced.  United States v. Sherwood, 312 U.S. 584 (1941).

Moreover, all waivers of sovereign immunity are to be strictly construed.  Ibid.  In the even

that the United States has not waived sovereign immunity, the action must be dismissed.

E.g., United States v. Mottaz, 476 U.S. 834 (1986); Testan, 424 U.S. at 399.

     The United States waives its sovereign immunity only in limited circumstances.  In

his complaint, plaintiff fails to identify a statute under which the United States has waived

its sovereign immunity.  In fact, he has not even bothered to allege that the United States

has waived its sovereign immunity.  Because the United States has not waived its sovereign

immunity, the Court lacks jurisdiction over plaintiff's complaint, to the extent he seeks a

money judgment against the United States, and the Court should dismiss plaintiff's

complaint in that respect as well.  E.g., United States v. Mottaz, 476 U.S, 834 (1986);

Testan, 424 U.S. at 399.


                              CONCLUSION

     Because plaintiff is, yet again, making frivolous challenges to the federal tax laws,

the complaint fails to state a claim upon which relief can be granted and should be

dismissed, with prejudice.

Respectfully submitted,

_____/S/_____

JONATHAN D. CARROLL
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-6669

OF COUNSEL:

THOMAS M. DiBIAGIO
United States Attorney
6625 U.S. Courthouse
101 West Lombard Street
Baltimore, Maryland 21201-2692
(410) 209-4800